**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                      Case No. 06-CR-054

**EARL T. MORROW,**

    Defendant.

# DECISION AND ORDER

This matter is before the Court with respect to a motion filed by the Defendant Earl T. Morrow ("Morrow") requesting appointment of a federal defender. (ECF No. 77.) In seeking appointment of counsel, Morrow cites *Alleyne v. United States*, 570 U.S.___, 133 S.Ct. 2151 (June 17, 2013).

On January 30, 2007, Morrow pleaded guilty before this Court, pursuant to the terms of a plea agreement. As part of the plea agreement, Morrow waived his right to a jury trial. (ECF No. 52.) The Court sentenced Morrow to 180 months of imprisonment on May 21, 2009. (ECF No. 51.) Judgment was entered on May 28, 2009. (ECF No. 58.) Thereafter, Morrow filed a motion to compel specific performance. He also filed a motion for appointment of counsel with respect to the "New Crack Law." (ECF No. 59.)

After informing Morrow of the Court's intention to re-characterize his motion as his first § 2255 motion, and allowing him an opportunity to withdraw or amend the motion (ECF No. 64), the Court construed Morrow's response as a motion to withdraw his prior motion and dismissed the motion, and denied his motion for appointment of

counsel without prejudice. (ECF No. 68.) The Court denied Morrow's motion for reconsideration on March 26, 2012. (ECF No. 70.) Morrow filed three additional motions for appointment of counsel, which were resolved.

Again, Morrow has filed a motion for appointment of counsel. However, there is no matter currently pending before this Court for which counsel could be appointed to represent him. Furthermore, *Alleyne* announced a new rule of constitutional law that is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[1] The Supreme Court has held that other rulings that are an extension of *Apprendi* are not retroactive. Therefore, the Supreme Court is unlikely to declare that *Alleyne* is retroactive. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Morrow's motion for appointment of counsel (ECF Nos. 77) is DENIED.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2013.

BY THE COURT:

*[signature: Rudolph T. Randa]*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

---

[1] At the time of Morrow's sentencing, either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. *Harris v. United States,* 536 U.S. 545 (2002). *Alleyne* overrules *Harris* and holds that a judge cannot make this decision unless the defendant waives his right to a jury.